# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**DIETRICH TRIMM, and**                                                         **PLAINTIFFS**
**MCKINLEY LANGSTON, JR.**

**V.**                                                           **NO. 4:18-CV-46-DMB-JMV**

**M&W TRANSPORTATION CO., INC.;**
**NATHAN A. EPTING, Individually and in**
**his representative capacity; and XYZ**
**CORP 1–10**                                                                 **DEFENDANTS**

## ORDER

On September 7, 2018, Union Insurance Company filed a motion to intervene in this action as a plaintiff. Doc. #33. As grounds, Union argues that it is the worker's compensation insurer for the plaintiffs' employer, that it has paid out benefits to the plaintiffs for the injuries which form the basis of this action, and that it is thus entitled to a portion of the plaintiffs' recoveries, if any. *Id*. at 3–4. No party has responded in opposition to the motion.

Pursuant to Federal Rule of Civil Procedure 24(a)(2), a court must permit intervention of any proposed party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." In a diversity case such as this, "the substantive right giving rise to intervention will likely originate from state law, but federal procedural rules will dictate whether the party is allowed to intervene." *Griffin v. Lee*, 621 F.3d 380, 389 (5th Cir. 2010).

Under Mississippi law, a worker's compensation insurer is entitled to recover from the net proceeds of an employee's lawsuit "the amount paid by them as compensation and medical expenses." Miss. Code Ann. § 71-3-71. The failure to intervene in such an action results in a

waiver of the insurer's statutory right to reimbursement. *Liberty Mut. Ins. Co. v. Shoemake*, 11 So.3d 1207, 1215 (Miss. 2013). Thus, Union has an interest in this action which it will lose in the absence of intervention. Accordingly, the motion to intervene [33] is **GRANTED**. Union may file its intervenor complaint, which is attached as an exhibit to its motion, within seven (7) days from the entry of this order.

**SO ORDERED**, this 11th day of October, 2018.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**