# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**MCKINLEY LANGSTON, JR.**                                                                  **PLAINTIFF**

**V.**                                                                          **NO. 4:18-CV-45-DMB-JMV**

**M&W TRANSPORTATION CO., INC., et al.**                                                   **DEFENDANTS**

## ORDER APPROVING SETTLEMENT

Before the Court is a "Petition for Approval of Third-Party Settlement" and an "Urgent and Necessitous Motion for Hearing on Petition for Approval of Third Party Settlement." Docs. #37, #38.

## I
## Relevant Procedural History

On December 22, 2017, McKinley Langston, Jr. filed a negligence action in the Circuit Court of Humphreys County, Mississippi, against M&W Transportation Co., Inc., Nathan A. Epting, and XYZ Corp 1-10, seeking damages associated with an October 14, 2016, automobile accident in which he was a passenger. The same day, Dietrich Trimm, another passenger in the car with Langston, filed a negligence action in the same court against the same defendants, seeking the same relief. On February 20, 2018, M&W Transportation removed both state court actions to the United States District Court for the Northern District of Mississippi.[1] On April 23, 2018, United States Magistrate Judge Jane M. Virden consolidated the actions because the "cases involve the same defendants, counsel, and both actions arise from the same incident and will involve common questions of law and fact."

On September 7, 2018, Union Insurance Company, the workers' compensation carrier for

---

[1] Upon removal, Trimm's case was assigned docket number 4:18-cv-46.

Trimm and Langston's employer, filed a motion to intervene which the Court granted. Union then filed an intervenor complaint asserting that it "is entitled to reimbursement and exoneration from said Defendants pursuant to MISS. CODE. ANN. §71-3-71." Langston, joined by Epting, M&W Transportation, and Union, filed a "Petition for Approval of Third-Party Settlement" on March 29, 2019. Doc. #37. On May 3, 2019, Langston filed an "Urgent and Necessitous Motion for Hearing on Petition for Approval of Third Party Settlement," requesting that the Court "conduct an immediate hearing on the Petition for Approval of Settlement" or "approve the Petition … without the necessity of a hearing."[2] Doc. #38.

## II
## Discussion

The petition for approval represents:

> The amount of compensation benefits heretofore paid to or for [Langston's] account and benefit are in the total amount of $89,490.53 in medical and indemnity benefits. Union is not liable for future benefits in any amount whatsoever.
>
> …
>
> [Langston] has agreed to accept from the Defendants and their insurer the total sum of $275,000.00 in full and final settlement of all claims, out of which Union is to receive $68,000.00 as aforesaid to satisfy, settle, and release all claims it may have as to the Defendants or their insurer.

Doc. #37 at 1–2.[3]

Mississippi Code § 71-3-71 provides that "[a]n employer or compensation insurer who shall have paid compensation benefits under this chapter for the injury or death of the employee shall have the right to maintain an action at law against any other party responsible for such injury or death …." If a settlement is reached before trial, the "settlement shall be subject to the approval

---

[2] The petition for approval and the motion for hearing were filed only in Langston's case and only as to Langston.
[3] The settlement agreement was not included with the petition for approval.

of the court wherein such action is pending …." Miss. Code. Ann. § 71-3-71. Because Langston's action is pending before this Court, the settlement is appropriately reviewed by this Court under § 71-3-71. Having examined the petition and considered the representations of the parties and their counsel, the Court finds the proposed settlement is just, fair, equitable, and should be approved. Thus, no hearing is needed.

III
Conclusion

The "Petition for Approval of Third-Party Settlement" [37] is **GRANTED** and the "Urgent and Necessitous Motion for Hearing on Petition for Approval of Third Party Settlement" [38] is **DENIED as moot**.

**SO ORDERED**, this 24th day of May, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**